IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARY L. SHUFORD,<br><br>          Plaintiff,<br><br>    v.<br><br>D. BAKER, et al.,<br><br>          Defendants. | No. 2:22-CV-1490-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

On January 27, 2023, the Court issued an order addressing the sufficiency of Plaintiff's complaint as required under the Prison Litigation Reform Act. See ECF No. 12. In that order, the Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) D. Baker, (2) A. Gonzales; (3) M. Saetenurn; and (4) J. Lebeck. See ECF No. 1, pg. 2. All defendants are alleged to be correctional staff at California State Prison – Sacramento. See id. In his first claim for relief, Plaintiff alleges that Defendant Baker violated his First Amendment rights by confiscating items sent to him by his wife. See id. at 3. Plaintiff also claims this resulted in a violation of his rights to freedom of religious expression as he worships his wife and considers items sent to him from her as religious gifts. See id. In his second claim for relief, Plaintiff alleges that Defendant Baker physically attacked him, in violation of his rights under the Eighth Amendment. See id. at 4.

ECF No. 11, pg. 2.

1

The court determined that Plaintiff states a cognizable Eighth Amendment excessive force claim against Defendant Baker. See id. at 2. The Court, however, found that Plaintiff has not stated a cognizable Eighth Amendment excessive force claim against any other named defendant, and that Plaintiff fails to state a cognizable claim for violation of his First Amendment rights based on confiscation of items. See id. at 2-7. Plaintiff was provided an opportunity to file a first amended complaint to address the deficiencies identified in the Court's screening order. See id. at 7-8. Plaintiff was cautioned that failure to file a first amended complaint within the time permitted therefor would result in dismissal of those claims identified as defective. See id. at 8. To date, the time permitted to file an amended complaint has passed and Plaintiff has not done so. The Court, therefor, recommends dismissal of defective claims and defendants for the reasons outlined in the January 27, 2023, screening order.

Based on the foregoing, the undersigned recommends that:

1. This action proceed on Plaintiff's original complaint as to Plaintiff's Eighth Amendment excessive force claim against Defendant Baker;

2. Plaintiff's First Amendment claims be dismissed; and

3. Gonzales, Saetenurn, and Lebeck be dismissed as defendants to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2