1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUARY L SHUFORD,                          No.  2:22-cv-01490-DAD-DMC

12                  Plaintiff,

13        v.                                    ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS AND DISMISSING
14   D. BAKER, et al.,                          CERTAIN CLAIMS

15                  Defendants.                 (Doc. No. 13)

16

17

18          Plaintiff Guary L Shuford is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On January 27, 2023, the assigned magistrate judge screened plaintiff's complaint and

22   found that plaintiff had stated a potentially cognizable Eighth Amendment claim against

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

                                                    1

Defendant Baker, but that plaintiff had failed to state a cognizable First Amendment claim[1]

against defendant Baker and failed to state any cognizable claims against defendants Gonzales,

Saetenurn, and Lebeck.[2]  (Doc. No. 12 at 2, 7–8.)  Plaintiff was granted leave to file an amended

complaint within thirty (30) days after entry of the screening order.  (*Id.* at 7–8.)  Plaintiff did not

file an amended complaint, and the time in which to do so has now passed.

Consequently, on April 5, 2023, the assigned magistrate judge issued findings and

recommendations recommending that this action proceed on plaintiff's Eighth Amendment claim

brought against defendant Baker found to be cognizable in the screening order and that all other

claims and defendants be dismissed.  (Doc. No. 13.)  The pending findings and recommendations

were served on plaintiff and contained notice that any objections thereto were to be filed within

fourteen (14) days after service.  (*Id.* at 2.)  To date, no objections have been filed, and the time in

which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

*de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

findings and recommendations are supported by the record and by proper analysis.

/////

---

[1]  Plaintiff's allegations with respect to his First Amendment claim are not entirely clear.  The screening order and pending findings and recommendations characterize plaintiff's complaint as alleging that defendant Baker violated plaintiff's First Amendment rights "by confiscating items sent to him by his wife," which plaintiff "claims . . . resulted in a violation of his rights to freedom of religious expression as he worships his wife and considers items sent to him from her as religious gifts."  (Doc. Nos. 13 at 1; 12 at 2.)  By contrast, the undersigned interprets plaintiff's allegations regarding this claim as potentially asserting that his First Amendment rights were violated because defendant Baker allegedly prevented plaintiff from sending gifts *to* his wife.  (*See* Doc. No. 1 at 3) (alleging that defendant Baker "den[ied] me my canteen by which I am enabled to commission religious items *for* my beloved wife" and that plaintiff "worship[s] [his] beloved wife . . . *by giving* [her] such religious items as gifts") (emphasis added).  Under either interpretation of the allegations of the complaint, however, plaintiff has not stated a cognizable First Amendment claim.

[2]  The screening order and pending findings and recommendations do not mention defendants Asaad and Banish, who are listed on an additional page affixed to the end of plaintiff's complaint.  (*See* Doc. No. 1 at 7.)  As with defendants Gonzales, Saetenurn, and Lebeck, plaintiff makes no specific allegations in his complaint with respect to defendants Asaad and Banish.  Therefore, the undersigned also finds that plaintiff has not stated a cognizable claim against defendants Asaad and Banish.

Accordingly,

1. The findings and recommendations issued on April 5, 2023 (Doc. No. 13) are adopted in full;

2. This action shall proceed on plaintiff's Eighth Amendment claim against defendant Baker;

3. All other claims brought by plaintiff in this action are dismissed;

4. Defendants Gonzales, Saetenurn, Lebeck, Asaad, and Banish are dismissed from this action;

5. The Clerk of the Court is directed to update the docket to reflect the termination of the following defendants from this action:  Gonzales, Saetenurn, Lebeck, Asaad, and Banish; and

6. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **July 11, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3